1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

10   Stephen Lewis Smith,

11                          Petitioner,

12   vs.

13   Charles L. Ryan, et. al,

14                          Respondents.

15

No. CV-12-2031-PHX-JAT (BSB)

**REPORT AND
RECOMMENDATION**

16          Petitioner Stephen Lewis Smith has filed a Petition for Writ of Habeas Corpus,

17   pursuant to 28 U.S.C. § 2254, asserting three grounds for relief in which he challenges

18   the state court's jurisdiction.  (Doc. 1.)  Respondents assert that the Petition should be

19   dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act

20   (AEDPA), which provides the statute of limitations applicable to state prisoners seeking

21   federal habeas corpus relief.    (Doc. 20.)    Alternatively, Respondents argue that

22   Petitioner's claims are procedurally defaulted, that he waived review of his claims

23   pursuant to his guilty plea, and that his claims are not cognizable on federal habeas

24   corpus review because they are based on state law.    (*Id*.)    Petitioner opposes

25   Respondents' assertions and argues that he is entitled to relief on the merits of his claims.

26   (Doc. 24.)  For the reasons set forth below, the Court finds the Petition untimely under

27   the AEDPA, recommends that the Petition be denied, and does not reach Respondents'

28   alternative arguments.

1

# I. Factual and Procedural Background

## A. Guilty Plea and Sentencing

On September 21, 2007, Petitioner pled guilty in the Arizona Superior Court, Maricopa County case number CR2007-008780, to two counts of attempted sexual exploitation of a minor; both counts alleged class three felonies and dangerous crimes against children in the second degree.  (Respondents' Ex. A at 13-21; Ex. B.)[1]  On January 22, 2008, the court sentenced Petitioner to a mitigated sentence of nine years' imprisonment on Count 1, and a consecutive term of lifetime probation on Count 2. (Respondents' Ex. C at 31-34; Ex. D at 2.)

## B. First Post-Conviction Proceeding (Rule 32 "Of-Right" Proceeding)

Pursuant to his plea, Petitioner's only avenue of direct review was a Rule 32 "of-right" proceeding. *See* Ariz. Rev. Stat. § 13-4033(B) ([I]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement . . . ."); Ariz. R. Crim. P. 32.1 ("[a]ny person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding known as a Rule 32 of-right proceeding").  On March 28, 2008, Petitioner filed a notice of post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32 and the trial court appointed counsel. (Respondents' Exs. F, G.)  After reviewing the record, Petitioner's appointed counsel filed a notice advising the court that he could find no meritorious claims for relief. (Respondents' Ex. H.)  The court granted Petitioner leave to file a *pro per* petition, and on October 8, 2008, Petitioner filed a petition asserting that his sentences were "illegal." (Respondents' Exs. I, J.)  On February 9, 2009, the court denied post-conviction relief fining that Petitioner's challenge to his sentences lacked merit.  (Respondents' Exs. K, L.)

On February 24, 2009, Petitioner filed a notice of appeal in the Arizona Superior Court. (Respondents' Ex. M.)  Although Petitioner asserts that he filed a petition for

---

[1]  Citations to "Respondents' Ex." are to exhibits to Respondents' Limited Answer to Petition for Writ of Habeas Corpus (Doc. 20).  Exhibits A-G are located at docket 20-1 and exhibits H-U are located at docket 20-2.

1    review in the Arizona Court of Appeals on April 2, 2009, the record before the Court

2    does not include a copy of that petition and Respondents state that they were unable to

3    locate such a petition.   However, the Maricopa County Superior Court case history

4    indicates that the state court record was transmitted to the Arizona Court of Appeals on

5    May 21, 2009.   (www.superiorcourt.maricopa.gov/docket/CriminalCourtCaseInfo.asp,

6    Attachment 1 to Report and Recommendation).[2]   The record before the Court includes a

7    Court of Appeals order file stamped April 13, 2010 stating that, having "considered this

8    petition for review from the trial court's denial of post-conviction review, it is ordered

9    denying review."   (Respondents' Ex. Q.)   The superior court received the Court of

10   Appeals order on June 2, 2010.   (*See* Attachment 1; *see also* Respondents' Ex. Q,

11   stamped "filed" on June 2, 2010 by the Clerk of the Maricopa Superior Court, Michael K.

12   Jeanes.)

13          Petitioner asserts that the April 13, 2010 order denied review of his Rule 32 of-

14   right post-conviction proceeding.   (Doc. 1 at 4.)   Respondents, on the other hand, assert

15   that the appellate court's April 13, 2010 order denied review of Petitioner's second post-

16   conviction proceeding, which is discussed below in Section I.C.   (Doc. 20 at 4 n.2.)   The

17   only appellate court order in the record that denies review of any post-conviction

18   proceeding is the April 13, 2010 order.   After review of the Maricopa County Superior

19   Court case history and the record in this matter, and because it does not appear that

20   Petitioner appealed the denial of his second post-conviction proceeding, the Court finds

21   that the appellate court denied review of Petitioner's Rule 32 of-right proceeding on April

22   13, 2010.

23          **C.    Second Post-Conviction Proceeding**

24          On October 14, 2009, Petitioner filed a second notice of post-conviction relief, and

25   he filed a supporting petition on November 20, 2009.   (Respondents' Exs. N, O.)   The

26   _____

27          [2]   The Court considers this record pursuant to Federal Rule of Evidence 201(d),
     which provides that the court may take judicial notice of a fact if "it is not subject to
     reasonable dispute because it is (1) generally known within the trial court's territorial
28   jurisdiction; or (2) can be accurately and readily determined by from sources whose
     accuracy cannot reasonably be questioned."

1    trial court dismissed the notice on December 8, 2009, finding that Petitioner failed to
2    present any claims that could be raised in a successive notice of post-conviction relief.
3    (Respondents' Ex. P.)

4            Respondents assert that Petitioner sought review of the denial of his second post-
5    conviction proceeding in the Arizona Court of Appeals.   In support of that assertion,
6    Respondents cite the Arizona Court of Appeals' April 13, 2010 order denying review
7    "from the trial court's denial of post-conviction relief." (Respondents' Ex. Q.)
8    Respondents, however, have not provided any evidence that Petitioner filed a notice of
9    appeal in the superior court or a petition for review in the appellate court.   Although the
10   superior court case history contains an entry for the notice of appeal that Petitioner filed
11   on February 24, 2009 challenging the denial of his first post-conviction proceeding, there
12   is no similar entry following the denial of Petitioner's second post-conviction proceeding.
13   (*See* Attachment 1.)   Additionally, Petitioner does not assert that he sought appellate
14   review of the denial of his second post-conviction proceeding.   On the existing record,
15   the Court concludes that Petitioner did not seek appellate review of the denial of his
16   second post-conviction proceeding.

17           **D.     Third Post-Conviction Proceeding**

18           On January 27, 2010, Petitioner filed a "Motion to Dismiss Case with Prejudice
19   for Trial Court's Lack of Subject-Matter Jurisdiction from Prosecutorial Misconduct" in
20   the trial court.   (Respondents' Ex. R.)   On November 3, 2010, the court construed the
21   motion as a third notice for post-conviction relief, and dismissed it as untimely under
22   Ariz. R. Crim. P. 32.4(a).   (Respondents' Ex. T.)   There is no evidence that Petitioner
23   sought review in the Arizona Court of Appeals.

24           **E.     Other State Court Proceedings**

25           On June 9, 2010, Petitioner filed a petition for special action in the Arizona
26   Supreme Court, which was dismissed on September 15, 2010.   (Respondents' Exs. S, U.)
27   On April 24, 2012, Petitioner filed a petition for writ of habeas corpus in the Arizona

28

1   Supreme Court, HC-12-0008, which was dismissed on September 17, 2012.[3]  (Doc. 1 at

2   6-8; Doc. 24 at 3.)

3        **F.**     **Petition for Writ of Habeas Corpus**

4        On September 25, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in

5   this Court raising the following three grounds for relief: (1) Petitioner's Fourth

6   Amendment rights were violated because the "Buckeye, Arizona Municipal/Justice Court

7   lacked jurisdiction to issue a search warrant"; (2) Petitioner's Fifth, Sixth, and Fourteenth

8   Amendment rights were violated because the state trial court lacked jurisdiction to

9   conduct a "plea-conviction hearing"; and (3) Petitioner's Fifth, Sixth, and Fourteenth

10  Amendment rights were violated because the state trial court lacked jurisdiction to

11  convict and sentence Petitioner.  (Doc. 1.)  As discussed below, the Petition should be

12  dismissed as untimely.

13  **II.**     **Statute of Limitations**

14       The AEDPA provides a one-year statute of limitations for state prisoners to file

15  petitions for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  That period

16  generally commences on "the date on which the judgment became final by the conclusion

17  of direct review or the expiration of the time for seeking such review."

18  28 U.S.C. § 2244(d)(1)(A).  Respondents assert that the Petition for Writ of Habeas

19  Corpus is untimely because it was not filed within one year of the date on which

20  Petitioner's challenged convictions "became final by the conclusion of direct review," 28

21  U.S.C. § 2244(d)(1), and because he has not established a basis for tolling the limitations

22  period.  As set forth below, the Court agrees and finds the Petition untimely.

23       **A.**     **Commencement of the Limitations Period**

24       To assess the timeliness of the Petition, the Court must first determine the date on

25  which Petitioner's conviction became "final by the conclusion of direct review."  28

26  U.S.C. § 2244(d)(1)(A).  By pleading guilty, Petitioner was precluded from pursuing a

27  ———————————————

28       [3]  Although Respondents do not mention this proceeding, and the record does not include a copy of the petition or of the Arizona Supreme Court's Order, the Court finds no reason to doubt that Petitioner filed this action in the Arizona Supreme Court.

1   direct appeal in the Arizona Court of Appeals.  *See* Ariz. Rev. Stat. §13-4033(B).  Rather,

2   Petitioner sought review of his convictions and sentences in an "of-right" proceeding

3   pursuant to Rule 32; the functional equivalent of a direct appeal.  *See* Ariz. R. Crim. P.

4   32.1 and 32.4.; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that

5   Arizona courts consider Rule 32 of-right proceedings a form of direct review).

6   Accordingly, his conviction became final upon "the conclusion of the Rule 32 of-right

7   proceeding and review of that proceeding, or [upon] the expiration of the time for seeking

8   such proceeding or review."  *See Summers*, 481 F.3d at 711, 716-17 ("Arizona's Rule 32

9   of-right proceeding for plea-convicted defendants is a form of direct review within the

10  meaning of 28 U.S.C. § 2244(d)(1)(A).").

11      Petitioner timely commenced a Rule 32 of-right proceeding by filing a notice on

12  March 28, 2008.  (Respondents' Ex. F.)  *See* Ariz. R. Crim. P. 32.1, 32.4(a) ("In a Rule

13  32 of-right proceeding, the notice must be filed within ninety days after the entry of

14  judgment and sentence or within thirty days after the issuance of the final order or

15  mandate by the appellate court in the petitioner's first petition for post-conviction relief

16  proceeding.").  After the trial court denied relief, on February 24, 2009, Petitioner sought

17  review in the Arizona Court of Appeals.  As discussed in Section I.B. above, the

18  appellate court denied relief on April 13, 2010.

19      Petitioner then had thirty days in which to seek review in the Arizona Supreme

20  Court.  *See* Ariz. R. Crim. P. 31.19(a).  Because Petitioner did not seek review in the

21  Arizona Supreme Court, his conviction became final on May 13, 2010.  *See Hemmerle v.*

22  *Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (for purposes of § 2244(d)(1)(A) (direct

23  review was final on the "date [petitioner] allowed his time for seeking review of the

24  Arizona Court of Appeals decision in the Arizona Supreme Court to expire.").

25  Accordingly, the ADEPA limitations commenced on May 14, 2010 and expired one year

26  later on May 16, 2011.[4]  *See* Fed. R. Civ. P. 6(a)(1)(A) and (C).  Thus, the Petition filed

27  over a year later, on September 25, 2012, is untimely absent statutory or equitable tolling.

28
    [4]  When reviewing whether a petition is timely filed under AEDPA, the court

**B.     Statutory Tolling**

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

Here, as previously stated, the AEDPA limitations period commenced on May 14, 2010.  Petitioner's second post-conviction action was pending from October 14, 2009 until the trial court denied review on December 8, 2009.  (Respondents' Exs. N-P.)  *See Nino,* 183 F.3d at 1006 (stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").  Because the second post-conviction action concluded before the AEDPA limitations period commenced, it could not toll the limitations period.[5]

On January 27, 2010, Petitioner filed a third notice of post-conviction relief, which the trial court dismissed on November 3, 2010 as untimely under Ariz. R. Crim. P. 32.4. (Respondents' Ex. T.)  Because the third notice of post-conviction relief was untimely, it was not "properly filed" for purposes of § 2244(d)(2), and did not toll the limitations period.  *See Pace v. Diguglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction

---

calculates the one-year period in accordance with Federal Rule of Civil Procedure 6, the general rule for computing time in federal courts.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Specifically, under Rule 6, the day of the event that triggers the time period is excluded from the computation, while the last day of the time period is included.  Fed. R. Civ. P. 6(a)(1)(A).  Here, because May 14, 2011 was a Saturday, the AEDPA limitations period concluded on the next business day, Monday, May 16, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C).

[5]  Even if the Arizona Court of Appeals' April 13, 2010 order pertained to the second post-conviction proceeding, that proceeding would have concluded before the AEDPA limitations period commenced in May 2010 and, therefore, it would not have tolled the limitations period.

petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244 (d)(2).'"); *see also Allen v. Siebert*, 552 U.S. 3, 7 (2007) (untimely petition for post-conviction relief was not "properly filed" for purposes of tolling the AEDPA limitations period).

Similarly, the petition for special action, filed in the Arizona Supreme Court on June 9, 2010, did not toll the limitations period because a special action is not an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claims" within the meaning of § 2244(d)(2).  *See Dema v. Arizona*, 2008 WL 2941167, *11 (D. Ariz. Jul. 25, 2008) (special action did not toll the AEDPA limitations period).

Finally, Petitioner's petition for writ habeas corpus relief, filed in the Arizona Supreme Court on April 24, 2012, did not toll the limitations period because it was filed after the limitations period had expired.  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that once the AEDPA limitations period expires, a subsequently filed notice of post-conviction relief cannot restart the statute of limitations).  "Section 2244(d)(2) cannot 'revive' the limitation[ ] period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitation[] period is expired, collateral petitions can no longer serve to avoid a statute of limitation[ ].'"  *Johnson v. Galaza*, 2001 WL 125312, at *1 (N.D. Cal. Feb. 7, 2001) (quoting *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (modifications in original)).  *See also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed.").

Therefore, the AEDPA limitations period commenced on May 14, 2010 and, because it was not subject to statutory tolling, it expired on May 16, 2011.  Petitioner's Petition, filed on September 25, 2012, is untimely unless equitable tolling applies.

### C.    Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of

limitations, not a jurisdictional bar.  *Holland v. Florida*, ___ U.S.___, 130 S. Ct. 2549, 2560 (2010).  However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace* 544 U.S. at 418.  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."  *Holland*, 130 S. Ct. at 2565 (internal citations and quotations omitted).  Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'"  *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).  "When considering whether to apply equitable tolling, the Supreme Court has emphasized the need for 'flexibility' and for 'avoiding mechanical rules.'"  *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012) (quoting *Holland*, 130 S. Ct. at 2563).

Petitioner does not address whether he diligently pursued his rights or whether an extraordinary circumstance prevented him from filing a timely § 2254 petition.  In his Reply, Petitioner argues that the Court should reject Respondents' statute of limitations argument because he "was never charged with a crime."  (Doc. 24 at 2.)  Petitioner apparently argues that the AEDPA limitations period does not apply in this case because ─ as he argues in his Petition ─ the trial court lacked jurisdiction over his underlying criminal proceedings.  This argument does not address whether Petitioner was diligently pursuing his rights or why he failed to file a timely § 2254 petition.

Even assuming that Petitioner diligently pursued his rights, nothing in the record suggests that an extraordinary circumstance prevented Petitioner from filing a timely federal habeas corpus petition.  Considering Petitioner's various state-court filings, there was apparently no impediment to Petitioner preparing and filing pleadings related to his challenged convictions and sentences.  Petitioner does not explain why he was able to file numerous pleadings in state court, but could not file a timely habeas corpus petition in federal court.  *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (noting that "equitable tolling only [applies] where 'external forces, rather than a petitioner's lack of

diligence, account for the failure to file a timely claim.'") (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)).  Additionally, Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period.  *See Ballesteros v. Schriro*, 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances).

Because Petitioner has not presented any circumstance that would justify equitably tolling the AEDPA statute of limitations, his § 2254 Petition should be denied as untimely and the Court need not consider Respondents' alternative grounds for denying the Petition.[6]

**III.    Conclusion**

Because Petitioner filed his Petition for Writ of Habeas Corpus after the expiration of the AEDPA statute of limitations and statutory and equitable tolling do not render the Petition timely, it should be dismissed as untimely.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is

---

[6]    Even if the Petition were timely and Petitioner had exhausted his claims, he would not be entitled to habeas corpus relief. As Respondents argue, all three of Petitioner's claims challenge the state court's jurisdiction over the underlying criminal proceedings.  Questions regarding a state court's jurisdiction are matters of state law.  *See Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998) (collecting cases holding that whether state court had jurisdiction under state law is a state-law question).  Federal habeas corpus review is not available for errors of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").  "Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law."  *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (concluding that whether Missouri courts had jurisdiction to sentence petitioner was a state law issue and was not properly before the court on § 2254 review).

1    justified by a plain procedural bar and reasonable jurists would not find the ruling

2    debatable.

3            This recommendation is not an order that is immediately appealable to the Ninth

4    Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1)

5    should not be filed until entry of the District Court's judgment.  The parties shall have

6    fourteen days from the date of service of a copy of this recommendation within which to

7    file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

8    6, 72.  Thereafter, the parties have fourteen days within which to file a response to the

9    objections.   Failure to file timely objections to the Magistrate Judge's Report and

10   Recommendation may result in the acceptance of the Report and Recommendation by the

11   District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114,

12   1121 (9th Cir. 2003).  Failure to file timely objections to any factual determinations of

13   the Magistrate Judge may be considered a waiver of a party's right to appellate review of

14   the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

15   recommendation.  *See* Fed. R. Civ. P. 72.

16           Dated this 15th day of August, 2013.

17

18   _____

19                      Bridget S. Bade
                  United States Magistrate Judge

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT**

Criminal Court Case Information - Case History                                                                                    Page 1 of 3

# The Judicial Branch of Arizona, Maricopa County

Criminal Court Case Information - Case History

[ Search ]

Case Type:    Criminal

## Case Information

Location:    Downtown

## Party Information

| Party Name - Number | Relationship | Sex | Attorney | Judge | Case # |
|---|---|---|---|---|---|
| State Of Arizona - (1) | Plaintiff | N/A | County Attorney, Maricopa | | |
| Stephen Lewis Smith - (2) | Defendant | M | Public Defender, Ccc | Master Calendar | CR2007-008780-001 |
| Clerk Of The Court - (3) | In The Matter Of | N/A | To Be Determined | | |

## Disposition Information

| Party Name | ARSCode | Description | Crime Date | Disposition Code | Disposition Date |
|---|---|---|---|---|---|
| Stephen Lewis Smith 13-3553 (F3) SEXUAL EXPLOITATION OF MINOR 11/9/2005 Pled Guilty As Charged 9/21/2007 |
| Stephen Lewis Smith 13-3553 (F3) SEXUAL EXPLOITATION OF MINOR 11/9/2005 Pled Guilty As Charged Pled Guilty As Charged 9/21/2007 |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 9/30/2011 | MOT - Motion - Party (001) | 10/4/2011 | Defendant (2) |
| | NOTE: TO ORDER BUCKEYE MUNICIPAL COURT TO PRODUCE COPY OF SEARCH WARRANT COMPLAINT AND AFFIDAVIT | | |
| 6/6/2011 | 019 - ME: Ruling - Party (001) | 6/6/2011 | |
| 3/17/2011 | MTQ - Motion To Quash - Party (001) | 3/18/2011 | |
| | NOTE: SUPOENA DUCES TECUM | | |
| 3/17/2011 | MTQ - Motion To Quash - Party (001) | 3/18/2011 | |
| | NOTE: SUPOENA DUCES TECUM | | |
| 11/16/2010 | PPM – Pro Per Motion/Notice/Mail - Party (001) | 11/16/2010 | Defendant (2) |
| 11/4/2010 | 019 - ME: Ruling - Party (001) | 11/4/2010 | Defendant (2) |
| 10/27/2010 | MOT - Motion - Party (001) | 10/28/2010 | Defendant (2) |
| | NOTE: FOR CONSTITUTIONAL COMPLIANCE AND EXPEDITED RULING ON UNANSWERED MOTIONS | | |
| 6/14/2010 | PTT - Petition - Party (001) | 6/16/2010 | Defendant (2) |
| | NOTE: FOR SPECIAL ACTION | | |
| 6/2/2010 | CAO - Court Of Appeals Order - Party (001) | 6/3/2010 | |
| | NOTE: ORDER DENYING REVIEW | | |
| 2/17/2010 | ALT - Appeals Letter Of Transmittal - Party (001) | 2/19/2010 | Defendant (2) |
| 1/27/2010 | MOT - Motion - Party (001) | 6/3/2010 | Defendant (2) |
| | NOTE: FOR EXPEDITED RULING ON DEFENDANT'S MOTION TO DISMISS CASE WITH PREJUDICE FOR TRIAL COURT'S LACK OF | | |
| | SUBJECT MATTER JURISDICTION FROM PROSECUTORIAL MISCONDUCT | | |
| | MTD - Motion To Dismiss - Party (001) | 1/29/2010 | Defendant (2) |

http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2007-008...    8/8/2013

| Date | Description | Date | Party |
|---|---|---|---|
| 1/27/2010 | NOTE: WITH PREJUDICE FOR TRIAL COURTS LACK OF SUBJECT MATTER JURISDICTION FROM PROSECUTORIAL MISCONDUCT | | |
| 1/27/2010 | AFF - Affidavit - Party (001) | 1/29/2010 | Defendant (2) |
| 1/20/2010 | NOTE: IN SUPPORT OF MOTION TO DISMISS CASE WITH PREJUDICE FOR TRIAL COURTS LACK OF SUBJECT MATTER JURISDICTION FROM PROSECUTORIAL MISCONDUCT | | |
| 1/19/2010 | MOT - Motion - Party (001) | 1/20/2010 | Defendant (2) |
| 12/28/2009 | NOTE: FOR EXPEDITED RULING ON DEFENDANTS MOTION FOR CHANGE OF JUDGE FOR CAUSE INVOCATION OF RULE 10.1 | | |
| 12/28/2009 | LET - Letter - Party (001) | 12/29/2009 | Defendant (2) |
| 12/28/2009 | AFF - Affidavit - Party (001) | 12/29/2009 | Defendant (2) |
| 12/28/2009 | NOTE: IN SUPPORT OF HEREIN REFERENCED MOTION | | |
| 12/28/2009 | MOT - Motion - Party (001) | 12/29/2009 | Defendant (2) |
| 12/29/2009 | NOTE: FOR CHANGE OF JUDGE FOR CAUSE | 12/29/2009 | |
| 12/17/2009 | UPI - Updated Information Address and/or Name - Party (001) | 12/18/2009 | Defendant (2) |
| 12/17/2009 | MOT - Motion - Party (001) | 12/21/2009 | Defendant (2) |
| 12/9/2009 | NOTE: FOR EXPEDITED RULING ON DEFENDANTS NOTICE OF CONFLICT... MOTION TO TRANSFER CASE FROM SENTENCING JUDGE ROSA MROZ TO OTHER MARICOPA COUNTY SUPERIOR COURT JUDGE | 12/9/2009 | |
| 12/3/2009 | 167 - ME: Pcr Dismissed - Party (001) | 12/3/2009 | |
| 12/3/2009 | 597: Me: Rule 32 Pcr Assignment To Judge For Ruling - Party (001) | | |
| 11/20/2009 | PTT - Petition - Party (001) | 11/23/2009 | Defendant (2) |
| 11/20/2009 | NOTE: FOR POST CONVICTION RELIEF, REVERSAL OF CONVICTION AND JUDGMENT OF ACQUITTAL | 11/23/2009 | REQUESTED |
| 11/20/2009 | PTT - Petition - Party (001) | 11/23/2009 | Defendant (2) |
| 11/20/2009 | NOTE: FOR POST-CONVICTION RELIEF | 11/23/2009 | |
| 11/20/2009 | NOT - Notice - Party (001) | 11/23/2009 | Defendant (2) |
| | NOTE: OF CONFLICT AND MOTION TO TRANSFER CASE FROM SENTENCING JUDGE ROSA MROZ TO OTHER MARICOPA COUNTY SUPERIOR COURT JUDGE | | |
| 10/14/2009 | NPC - Notice Of Post Conviction Relief - Party (001) | 10/15/2009 | |
| 5/28/2009 | CAR - Court Of Appeals Order - Party (001) | 5/28/2009 | Defendant (2) |
| 5/27/2009 | REC - Receipt - Party (001) | 5/27/2009 | |
| 5/21/2009 | AIX - Appeals Index - Party (001) | 5/21/2009 | |
| 5/21/2009 | NOTE: REVIEW NO 1 | | |
| 5/21/2009 | LET - Letter - Party (001) | 5/21/2009 | |
| 4/8/2009 | NOTE: TRANSMIT RECORD ON APPEAL BY 05/21/09 | 4/9/2009 | |
| 2/24/2009 | CAO - Court Of Appeals Order - Party (001) | 2/24/2009 | Defendant (2) |
| 2/24/2009 | NAP - Notice Of Appeal - Party (001) | 2/19/2009 | Defendant (2) |
| 2/18/2009 | MOT - Motion - Party (001) | | |
| 2/10/2009 | NOTE: FOR FILED COPY OF DEFENDANTS RULE 32 REPLY | 2/10/2009 | |
| 2/10/2009 | 167 - ME: Pcr Dismissed - Party (001) | 2/5/2009 | |
| 2/5/2009 | 597: Me: Rule 32 Pcr Assignment To Judge For Ruling - Party (001) | | |
| 12/24/2008 | 197 - ME: Pcr/ExtTime/Filing Granted - Party (001) | 12/29/2008 | Defendant (2) |
| 12/24/2008 | REL - Reply - Party (001) | | |
| 12/15/2008 | NOTE: TO STATES RESPONSE TO PETITION FOR POST CONVICTION RELIEF | 12/17/2008 | Defendant (2) |
| 12/15/2008 | MET - Motion for Extension Of Time - Party (001) | | |
| 12/1/2008 | NOTE: 30 DAY TO FILE REPLY; MOTION FOR EXPEDITIOUS RULING | 12/2/2008 | Defendant (2) |
| 11/12/2008 | RPP - Response to Petition for Post Conviction Relief - Party (001) | | |
| 11/12/2008 | RTR - Return Receipt For Official Court Files/Transcripts/Exhibits - Party (001) | 11/18/2008 | |
| 10/30/2008 | RRF - Release Receipt For Official Court Files/Transcripts/Exhibits - Party (001) | 11/13/2008 | |
| 10/30/2008 | OFT - Order for Official Court Files/Transcripts/Exhibits - Party (001) | 11/13/2008 | |
| 10/30/2008 | MTR - Motion for Temporary Removal Of Court File/Transcripts/Exhibit - Party (001) | 11/13/2008 | |
| 10/10/2008 | PCR - Post Conviction Relief - Party (001) | 10/15/2008 | Defendant |

Criminal Court Case Information - Case History

| Date | | | |
|------|---|---|---|
| 8/21/2008 | 197 - ME: Per/Ext/Time/Filing Granted - Party (001) | | 9/3/2008 |
| | NRE - Notice of Completion of Post Conviction Relief Request for Extension of Time - Party | | 8/22/2008 |
| | (001) | | |
| 7/7/2008 | TSP - Transcript of Proceedings - Party (001) | | 7/28/2008 |
| NOTE: 01/22/08 BY JANELL ROSE | | | |
| 4/14/2008 | TSP - Transcript of Proceedings - Party (001) | | 4/22/2008 |
| NOTE: 09/21/08, MARGE HARCARIK | | | |
| 4/8/2008 | 595 - ME: Rule 32 P C R - Party (001) | | 4/8/2008 |
| 3/28/2008 | NPC - Notice Of Post Conviction Relief - Party (001) | | 4/11/2008 |
| 1/30/2008 | DRE - Disposition Report - Party (001) | | 1/31/2008 |
| 1/24/2008 | NRR - Notice Of Rights Of Review - Party (001) | | 1/25/2008 |
| 1/24/2008 | 189 - ME: Sentence - Imprisonment And Probation - Party (001) | | 1/24/2008 |
| 1/22/2008 | OCP-Order of Confinement/Sentence of Imprisonment to ADOC - Party (001) | | 1/25/2008 |
| NOTE: RELATED CASE CR2006-005539-001DT | | | |
| 1/22/2008 | TCP - Terms & Conditions Of Probation/Money Ordered - Party (001) | | 1/25/2008 |
| 12/20/2007 | 169 - ME: Sent/Dispo Reset - Party (001) | | 12/20/2007 |
| 12/17/2007 | MCO - Motion To Continue - Party (001) | | 12/17/2007 |
| NOTE: SENTENCING AND RELATED CASE CR2006-005539-001 DT | | | |
| 12/5/2007 | 169 - ME: Sent/Dispo Reset - Party (001) | | 12/5/2007 |
| 11/29/2007 | 169 - ME: Sent/Dispo Reset - Party (001) | | 11/29/2007 |
| 9/21/2007 | DCO - Direct Complaint - Party (001) | | 9/26/2007 |
| 9/21/2007 | 179 - ME: Initial Appearance - Party (001) | | 9/26/2007 |
| 9/21/2007 | 105 - ME: Plea Agreement/Change Of Plea - Party (001) | | 9/26/2007 |
| 9/21/2007 | INF - Information - Party (001) | | 9/26/2007 |
| 9/21/2007 | WPH - Waiver Of Preliminary Hearing - Party (001) | | 9/26/2007 |
| 9/21/2007 | PAG - Plea Agreement - Party (001) | | 9/26/2007 |

Plaintiff (1)

Defendant (2)

**Case Calendar**

| Date | Time | Event |
|------|------|-------|
| 1/10/2007 | 8:30 | Sentencing |
| 9/21/2007 | 8:30 | Sentencing |
| 9/21/2007 | 8:30 | Initial Appearance |
| 9/21/2007 | 8:30 | Change Of Plea |
| 9/21/2007 | 8:30 | Self Surrender |
| 9/21/2007 | 8:30 | Preliminary Hearing |
| 9/21/2007 | 8:31 | Original Arraignment Hearing |
| 10/24/2007 | 8:30 | Sentencing |
| 11/27/2007 | 8:30 | Sentencing |
| 1/7/2008 | 8:30 | Sentencing |
| 1/10/2008 | 8:30 | Sentencing |
| 1/22/2008 | 8:30 | Sentencing |

Page 3 of 3