WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Lewis Smith,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>             Respondents. | No. CV-12-2031-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). Magistrate Judge Bade issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed because it is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations.

**I.     Factual Background**

The R&R summarized the factual and procedural history and the Petitioner did not object to this history. (Doc. 36 at 2–5; Doc. 43). The Court adopts the R&R's history in this case. For ease of reference, that history is as follows:[1]

On September 21, 2007, Petitioner pled guilty in the Arizona Superior Court to two counts of attempted sexual exploitation of a minor. (Doc. 20, Ex. A at 13–21, Ex. B). On January 22, 2008, the superior court sentenced Petitioner to a mitigated sentence

---

[1] The Magistrate Judge made factual findings concerning the order and timing of Petitioner's various post-conviction appeals. This Court describes the procedural history in accord with the Magistrate Judge's findings of fact.

of nine year's imprisonment and a consecutive term of lifetime probation. (Doc. 20, Ex. C at 31–34, Ex. D at 2).

On October 8, 2008, Petitioner filed a notice of post-conviction relief under Arizona Rule of Criminal Procedure 32 (the "Rule 32 Petition"). (Doc. 20, Exs. F, G). The trial court denied the Rule 32 Petition on February 9, 2009. (Doc. 20, Exs. K, L). The Arizona Court of Appeals denied review of the Rule 32 petition on April 13, 2010. (*See* Doc. 36 at 3).

On October 14, 2009, Petitioner filed a second Rule 32 Petition. (Doc. 20, Exs. N, O). The state trial court dismissed the petition on December 8, 2009. (Doc. 20, Ex. P). Petitioner failed to appeal. (*See* Doc. 36 at 4).

On January 27, 2010, Petitioner filed a "Motion to Dismiss Case with Prejudice for Trial Court's Lack of Subject-Matter Jurisdiction from Prosecutorial Misconduct" in the state trial court. (Doc. 20, Ex. R). On November 3, 2010, the trial court construed this as a third Rule 32 Petition and dismissed it as untimely. (Doc. 20, Ex. T). Again, Petitioner did not appeal. (*See* Doc. 36 at 4).

On June 9, 2010, Petitioner filed a petition for special action in the Arizona Supreme Court, which was dismissed on September 15, 2010. (Doc. 20, Exs. S, U). Petitioner also filed a petition for writ of habeas corpus in the Arizona Supreme Court, HC-12-008, which was dismissed on September 17, 2012. (Doc.1 at 6–8; Doc. 24 at 3).

Finally, on September 25, 2012, the Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1).

**II.     R&R**

On August 16, 2013, the Magistrate Judge issued an R&R recommending that the Petition be denied as barred by the AEDPA's statute of limitations. (Doc. 36). As explained by the Magistrate Judge, the AEDPA provides a one year statute of limitations for state prisoners to file a petition for writ of habeas corpus in federal court. (*Id.* at 5 (citing 28 U.S.C. § 2244(d)(1))). That period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review." (Doc. 36 at 5 (quoting 28 U.S.C. § 2244(d)(1)(A))). Examining Petitioner's procedural history in state court, the Magistrate Judge concluded that Petitioner's conviction became final on May 13, 2010, after the Petitioner failed to appeal the Arizona Court of Appeals decision denying his first Rule 32 Petition. (Doc. 36 at 6). Thus, the Magistrate Judge determined that the Petition filed over a year later, on September 25, 2012, is untimely absent statutory or equitable tolling. (*Id.*).

Starting with statutory tolling, the Magistrate Judge explained that the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." (Doc. 36 at 7 (quoting 28 U.S.C. § 2244(d)(2))). Examining each post-conviction proceeding in turn, the Magistrate Judge determined that the AEDPA statute of limitations was not tolled because the various post-convictions proceedings were: (1) concluded before the statute of limitations began to run; (2) filed after the end of the statute of limitations period; or (3) improperly filed. (Doc. 36 at 7–8).

Turning to equitable tolling, the Magistrate Judge explained that the Petitioner is entitled to equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." (*Id.* at 9 (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005))). The Magistrate Judge determined that the Petitioner failed both prongs of this test because he "did not address whether he diligently pursued his rights" and "nothing in the record suggests extraordinary circumstances." (Doc. 36 at 9–10).

**III.   Review of an R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made,* but not otherwise." *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn,* 474

U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). In this case, Petitioner filed objections to the R&R, and the Court will review any objections de novo.

**IV.     Request for Appointment of Counsel**

There is no constitutional right to counsel on habeas. *Bonin v. Vasquez*, 999 F.2d 425 (9th Cir. 1993). Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 107 S.Ct. 1911 (1987)

The Court has discretion to appoint counsel when a magistrate or the district court determines that the interests of justice so require. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In this case, for the reasons stated below, the Court finds that the Petitioner has no likelihood of success on the merits of his Petition. Additionally, the Court finds that the issues in this case are not complex and that the Petitioner has articulated his claims adequately pro se. As a result, the Court denies the request for appointment of counsel.

**V.     The Petitioner's Objections**

The Petitioner does not object to the Magistrate Judge's application of the AEDPA's statute of limitations to his procedural history and the Court adopts those recommendations. Instead, the Petitioner objects to the R&R by arguing that the AEDPA statute of limitations does not apply to his case because the state trial court lacked subject matter jurisdiction during his sentencing. (Doc. 43 at 3). In particular, Petitioner argues that the trial court lacked jurisdiction because: (1) the charging documents were time

stamped by the clerk's office approximately two hours after the beginning of his change of plea hearing; and (2) the charging documents failed to charge Petitioner with a valid offense under Arizona law. (*Id.* at 2–3).

The Petitioner is correct in recognizing that "equitable exceptions" can apply to the AEDPA's statute of limitations, such as diligence, extraordinary circumstances, and actual innocence. *Lee v. Lampart*, 653 F.3d 929, 933–34 (9th Cir. 2011) (en banc). However, the Petitioner cites no authority that places the state court's alleged lack of subject matter jurisdiction among such exceptions. Thus, the Court is unpersuaded by the Petitioner's arguments that the AEDPA's statute of limitations does not apply to his case. Accordingly, the Court adopts the Magistrate Judge's R&R concluding that the Petition is barred by the AEDPA's statute of limitations.

Further, even if Petitioner's Petition was not barred by the AEDPA statute of limitations, habeas relief would not be available. Specifically, Petitioner's arguments fail because: (1) this Court cannot review alleged state court errors, such as a state court's lack of jurisdiction; and (2) Petitioner's arguments fail on their merits.

### A. Habeas Relief is not Available based on State Law Errors

First, under *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), a federal habeas court cannot reexamine state court determinations of state law questions. When the Arizona Court of Appeals denied Petitioner's post-conviction relief proceeding, the Arizona Court of Appeals effectively concluded that the state trial court had jurisdiction. *See Reel v. Ryan*, CV 12-8084-PCT-JAT, 2013 WL 2284988 at *5 (D. Ariz. May 22, 2013). This Court cannot review the state court's decision regarding state law. Accordingly, the Court cannot grant habeas relief under a theory that the state court lacked jurisdiction.

### B. The Petitioner's Arguments Fail on their Merits

Next, even if this Court could consider the state trial court's jurisdiction, Petitioner's arguments do not establish that state trial court lacked jurisdiction. Petitioner's first argument relies on an alleged discrepancy between the filing time stamped on his charging documents and the time of his change-of-plea hearing. The

change-of-plea hearing transcript, however, shows that the trial court ordered that the charging documents be filed before the Petitioner entered his guilty plea. (Doc. 20, Ex. A at 4). The fact that the state clerk's office stamped the documents a short time later is immaterial.

Petitioner's second argument, that the charging documents failed to state a valid crime in Arizona, is incorrect under Arizona law. As explained, Petitioner pled guilty to two counts of attempted exploitation of a minor. (*See* Doc. 14, Ex. 1). The underlying factual basis for his plea was the possession of computer files depicting "a minor under fifteen years of age [who] is engaged in exploitive exhibition or other sexual conduct." *Id.* Petitioner argues that, under *State v. Hazlett*, 73 P.3d 1258 (Ariz. Ct. App. 2003), the State of Arizona was required to identify a known victim in his computer images.

In *Hazlett*, the Arizona Court of Appeals considered whether Arizona's child pornography statute, A.R.S. § 13-3553, was unconstitutionally overbroad. *Id.* at 1260 ¶ 1. The Court of Appeals concluded that the statute was not overbroad because the statute only criminalizes the possession of images of "actual children" and not "fictitious person[s]." *Id.* at 1262–63 ¶¶ 11–12. The Court of Appeals did not conclude, however, that the state had to identify the specific identity of the actual child involved. Thus, Petitioner's reliance on *Hazlett* is misplaced and his argument is unpersuasive.[2]

## VI. The Petitioner's Request for an Evidentiary Hearing

In his objections to the R&R, the Petitioner requests an evidentiary hearing. Under 28 U.S.C. § 2254(e)(2), a petitioner is entitled to an evidentiary hearing if he presents a "meritorious claim" and he exercised reasonable diligence in developing the factual record in the state proceedings. *Williams v. Taylor,* 529 U.S. 420, 434–37 (2000). A petitioner exercises the diligence necessary to preserve a claim if the petitioner "made

---

[2] The Court also notes that the interpretation of a state statute is a state law question. Thus, the Court is barred from reexamining this issue in a habeas petition because the state trial court implicitly decided that the charging documents were sufficient under Arizona law. *Estelle*, 502 U.S. at 67–68.

- 6 -

1 a reasonable attempt, in light of the information available at the time, to investigate and
2 pursue claims in state court." *Id.* at 435.

3 Thus, in order to qualify for an evidentiary hearing, the Petitioner must both: "(1) allege facts which, if proven, would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." *Belmontes v. Brown,* 414 F.3d 1094, 1124 (9th Cir. 2005). No hearing is necessary, however, if this Court "is able to determine without a hearing that the allegations are without credibility or that the allegations if true would not warrant a new trial . . . ." *United States v. Navarro–Garcia,* 926 F.2d 818, 822 (9th Cir. 1991); *see also Siripongs v. Calderon,* 35 F.3d 1308, 1314 (9th Cir. 1994) (In a capital case, a habeas petitioner who asserts a colorable claim to relief, and who has never been given the opportunity to develop a factual record on that claim, is entitled to an evidentiary hearing in federal court.).

In his objections to the R&R, Petitioner fails to offer any specific information on what additional evidence will be revealed by the evidentiary hearing. Thus, the Court finds that Petitioner has not made any allegations that, if true, would warrant habeas relief. Accordingly, the Court denies the Petitioner's request for an evidentiary hearing.

**VII.  Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation is accepted and adopted (Doc. 36), the objections are overruled (Doc. 43), the requests for an evidentiary hearing and for appointment of counsel (Doc. 43) are denied; the Petition in this case is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly

**IT IS FURTHER ORDERED** that the Petitioner's Motion to Expedite Granting of Objections (Doc. 45) is denied.

**IT IS FINALLY ORDERED** that Pursuant to Rule 11 of the Rules Governing Section 2554 Cases, in the event the Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain

1  procedural bar and jurists of reason would not find this Court's procedural ruling
2  debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Further, the Petitioner has
3  not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. §
4  2253(c)(2).

   Dated this 12th day of December, 2013.

   James A. Teilborg
   Senior United States District Judge